Prager vs. Micas & Co.

No. 8957.

| 36 | 75 |
|----|-----|
| 45 | 368 |

CHARLES PRAGER VS. V. MICAS & CO.

Plaintiff obtained a respite from his creditors under the insolvent laws of the State. In his schedule he reported certain notes as owing one V. M., on whom the usual notices were served, but who did not attend the meeting of the creditors or participate in the proceedings. V. M. & Co. had sued the plaintiff—the insolvent debtor—on the notes before the District Court of New Orleans, before the respite was applied for, but after the same was granted withdrew the suit and instituted attachment proceedings on the notes in the State of Mississippi.

The notes, though executed in favor of V. M., purported to have been transferred to V. M. & Co., a firm of which he was a member. Judgment was rendered by default against plaintiff—the debtor—in the State of Mississippi, and immovable property in that State, which was included in the schedule of the insolvent, was seized thereunder and advertised for sale. The parties all resided in New Orleans

Held, that an injunction against the sale properly issued from the District Court of New Orleans, and was properly perpetuated.

A PPEAL from the Civil District Court for the Parish of Orleans. Lazarus, J.

---

B. C. Elliott for Plaintiff and Appellee.

W. S. Benedict for Defendant and Appellant.

---

The opinion of the Court was delivered by

TODD, J. The plaintiff applied under the State insolvent laws for a respite, and after a meeting of his creditors and said proceedings had, a judgment was rendered granting the respite prayed for. Subsequently to the rendition of such judgment, the defendants, who had instituted suit against the plaintiff on certain promissory notes before the Civil District Court of New Orleans prior to the proceeding for the respite was commenced, withdrew the suit, and proceeding to Hancock county, Mississippi, sued out an attachment against the plaintiff on the notes in question and caused certain immovable property in that county to be seized thereunder, and finally obtained judgment upon their demand, which they were proceeding to execute by the sale of the property attached. Thereupon the plaintiff applied for and obtained an injunction against the said proceedings of the defendants, which injunction was upon trial perpetuated, and it is from this judgment perpetuating the injunction that this appeal is taken by Micas & Co., the attaching creditors and the defendants herein.

The grounds of the injunction were, substantially, that plaintiff, the debtor, had made a surrender under the insolvent laws of this State and applied for a respite, that the property attached was included in

his schedule and the notes in question duly place I thereon, and the proper notices given of the respite proceedings, and a judgment rendered granting the respite, and that the defendants were therefore precluded from taking any separate action against him or his property.

To this action several defenses were urged, but the only ones insisted on before this Court are briefly that they, defendants, were not placed on the schedule as creditors; that V. Micas, one of their firm, alone had been placed on said schedule for a certain sum; that they, Micas & Co., had acquired the debt in question from V. Micas, and that he, said Micas, had taken no part in the respite proceedings.

No question is raised as to the identity of the debt reported in the schedule as the "V. Micas notes," and the one proceeded on by attachment in Mississippi. They are the same. It also appears from the pleadings and evidence that the notes were executed in favor of V. Micas, and subsequently purport to have been acquired from him by the firm to which he belonged.

It is also shown that, besides including the notes and their amount in the schedule as the V. Micas notes, notice of the surrender and the meeting of the creditors was duly served on V. Micas, the original creditor, and Micas & Co. were also notified of the judgment of the court granting the respite. All the parties are residents of this city.

We fail to find in the respite proceedings and in the alleged omissions and irregularities charged, any attempt at concealment or fraud, or in short anything that would cast the slightest imputation on the entire good faith of the debtor. The objections of the defendants are purely technical. There was a substantial compliance with the law in all material respects. The main objects of its requirements are that the assets and debts shall be faithfully reported in the schedule and the creditors notified, and notified in such manner as not to be left in ignorance of the proceedings. These objects were fully subserved. The debt was accurately reported and in such way as not to leave room for mistake. The party with whom the debt was originally contracted was personally notified. The other member of the firm of V. Micas & Co. was shown to be the book-keeper or employee of Micas at the time the notes were executed, and to have been continuously associated in business with him in some capacity from that date to the service of the notice. Besides, both members of this alleged firm must have known of these proceedings on the part of their debtor. Micas, as stated, was personally served with notice, and the fact of the discontinuance of their suit pending before the Civil District Court of this city and the

attachment suit instituted in Mississippi under the personal direction of the other partner immediately after the judgment granting the respite, shows that both members of the partnership were fully apprised of the proceedings. This was sufficient. Fourchy vs. Bayley & Pond, 33 A. 778; Anderson vs. His Creditors, 33 A. 1155.

We see no reason to disturb the judgment of the lower court, which is therefore affirmed, with costs.